**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Felix RUBIO–CRUZ,**
**Defendant–Appellant.**

**No. 05–40653.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of

Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Felix Rubio–Cruz appeals his conviction and sentence for illegal reentry after a previous deportation. Rubio–Cruz argues that the district court plainly erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a Texas conviction for aggravated assault. Rubio–Cruz contends that the enhancement is improper because the Texas aggravated assault statute may be violated by conduct such as recklessness.

■ As the United States Sentencing Commission has identified aggravated assault as a "crime of violence" for purposes of § 2L1.2(b)(1)(A), the district court did not commit error, plain or otherwise, by imposing the sentence enhancement. § 2L1.2, comment. (n.1(b)(iii)); *see United States v. Izaguirre–Flores*, 405 F.3d 270, 275 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 253, 163 L.Ed.2d 231 (2005); *see also United States v. Rayo–Valdez*, 302 F.3d 314, 317 (5th Cir.2002).

■ Rubio–Cruz argues next that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rubio–Cruz's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523

U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rubio–Cruz contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rubio–Cruz properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.